# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-40078-03-JAR |
| ) | |
| JAMAICA L. CHISM, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Defendant Jamaica Chism pled guilty to one count of accessory after the fact, in violation of 18 U.S.C. § 1512(a)(1)(C).[1]  Defendant was sentenced on October 6, 2014, to eighty-four months' imprisonment, as jointly recommended by the government and defense counsel, per the binding Plea Agreement.[2]  Defendant did not file a direct appeal.  On April 25, 2016, Defendant mailed a letter to the district court, asking the Court to reconsider her sentence in light of her acceptance of responsibility for her actions, her steps to improve herself while incarcerated, her diagnosis of and treatment for PTSD and bipolar disorder, and her need to care for her children and family (Doc. 770).  In view of defendant's *pro se* status, the Court construes her letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c).[3]  As explained below, the motion is denied.

---

[1] Doc. 260

[2] *Id.*; Doc. 662.

[3] District courts may not recharacterize a *pro se* litigant's post-conviction motion as a 28 U.S.C. § 2255 motion unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion.  *United States v. Martin*, 357 F.3d 1198, 1199-1200 (10th Cir. 2004) (citing *Castro v. United States*, 540 U.S. 375 (2003)).

Defendant asks the Court to reconsider and reduce her sentence upon consideration of her failure to speak up at the sentencing hearing. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[4] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[5]

If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the defendant's request.[6] None of the avenues set forth above apply to this case. Although the Court commends Defendant for her rehabilitative efforts since her conviction, and extends its sympathy for the issues her children and mother are going through because of her incarceration, it simply does not have the power to reduce Defendant's sentence. Defendant's motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion for

---

[4]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[5]*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[6]*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

reduction of sentence (Doc. 770) is DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2016

                 S/ Julie A. Robinson
                JULIE A. ROBINSON
                UNITED STATES DISTRICT JUDGE