## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

    v.

**JAMAICA L. CHISM,**

    **Defendant/Petitioner.**

No. 11-40078-03-JAR
No. 16-4091-JAR

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jamaica Chism's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 774), in which she argues her sentence was imposed in violation of *Johnson v. United States*.[1] The Government has responded (Doc. 782). Chism filed a reply to the Government's response, in which she seeks to add a claim under Amendment 794 to the United States Sentencing Guidelines (Doc. 784). For the reasons explained below, Petitioner's motion is denied and her addendum seeking to add a claim is dismissed.

**I.**     **Factual and Procedural Background**

Chism was charged with conspiracy to distribute crack and powder cocaine, and accessory to murder after the fact. On October 30, 2012, Chism pled guilty to one count of Accessory After the Fact in violation of 18 U.S.C. § 1512(a)(1)(C).[2] On October 7, 2014, this Court sentenced Chism to 84 months' imprisonment, as jointly recommended by the

---

[1] 135 S. Ct. 2551 (2015).

[2] Doc. 260.

Government and Defendant, per the binding Plea Agreement.³ Chism did not file a direct appeal. Chism filed a motion for reduction of sentence under 18 U.S.C. § 3582(c), which this Court dismissed for lack of jurisdiction.⁴ This motion for relief under § 2255 followed.

I.   Discussion

    A.  *Johnson*

Chism first claims that she was sentenced as a career offender and that this Court's determination to sentence her as such is now in violation of the Supreme Court's decision in *Johnson v. United States*,⁵ in which it declared unconstitutionally vague a part of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," referred to as the "residual clause."⁶ The residual clause expanded the list of enumerated offenses to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."⁷ The Court expressly stated that its ruling invalidating the residual clause "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."⁸ In 2016, the Supreme Court determined that *Johnson* announced a new rule of constitutional law "that has retroactive effect in cases on collateral review."⁹

*Johnson* has no relevance to Chism's sentence, however, as her sentence was not enhanced under the ACCA. As set forth in the Presentence Investigation Report, Chism's total

---

³Doc. 662.

⁴Doc. 771 (dismissing for lack of jurisdiction request for sentence reduction in light of defendant's steps to improve herself while incarcerated, her diagnosis of PTSD and bipolar disorder, and her need to care for her children).

⁵135 S. Ct. 2551 (2015).

⁶*Id.* at 2557.

⁷*See* 18 U.S.C. § 924(e)(2)(B)(ii).

⁸135 S. Ct. at 2563.

⁹*Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).

criminal history score is six, resulting in a criminal history category III.[10] Thus, she does not have the required convictions for controlled substance offenses or crimes of violence to have been considered a career offender.[11]  Because Chism is neither an armed career criminal nor a career offender, she cannot avail herself of the decision in *Johnson* and this claim is denied.

### B. Amendment 794

Chism further claims that she is entitled to a sentence reduction for her minor role in the offense based on retroactive application of Amendment 794 to Section 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G.").  Section 2255 has a one-year statute of limitations, which runs from the latest of: (1) the date of the final judgment of conviction; (2) the date that the government removes an unlawful impediment to making a motion; (3) the date when the Supreme Court recognizes a right and makes it retroactive on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through exercise of due diligence.[12]  The Court entered Judgment on October 7, 2014.[13]  Under Rule 4(b) of the Federal Rules of Appellate Procedure, Chism's judgment became final fourteen days later, on October 21, 2014, as she did not file a direct appeal of her judgment of conviction.[14]  Thus, in order to be timely under § 2255(f)(1), Chism was required to file her § 2255 motion by October 21, 2015.

---

[10]PSR, Doc. 634 ¶¶ 54–55.

[11]*See* U.S.S.G. § 4B1.1(a) and (b) (defining career offender as a defendant with at least two prior felony convictions of either a crime of violence or a controlled substance offense and assigning a career offender's criminal history as Category VI).

[12]28 U.S.C. § 2255(f).

[13]Doc. 662.

[14]*See United States v. Prows,* 448 F.3d 1223, 1227 (10th Cir. 2006) (holding "[i]n the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition), the time for filing a certiorari petition expires.").

Chism filed the instant motion on June 10, 2016, over one year after the one-year limitation period ran.[15]

In arguing that she is entitled to a minor role reduction based on Amendment 794, Chism appears to rely on *United States v. Quintero-Leyva*, where the Ninth Circuit held that Amendment 794 "resolved a circuit split and was intended as a clarifying amendment . . . therefore it applies retroactively to direct appeals."[16] *Quintaro-Layva*, however, did not determine that Amendment 794 applies retroactively to cases on collateral review. Chism's § 2255 motion seeks collateral review of her sentence; it is not a direct appeal. As noted, Chism did not appeal her sentence. Because no court has concluded that Amendment 794 applies to cases on collateral review, § 2255(f)(3) does not apply. Further, Amendment 794 to the Sentencing Guidelines is not a "fact" relating to her criminal history and does not otherwise permit Chism to invoke § 2255(f)(4).[17] Finally, even if the Amendment applied, there was no factual basis for applying the minor role adjustment; Chism pled guilty and was sentenced pursuant to a binding plea agreement jointly recommending her 84-month sentence.[18]

Accordingly, the Court concludes that Chism's claim is untimely and that she has failed to show the one-year statute of limitations does not apply. Amendment 794 has not been made retroactively applicable to cases on collateral review, only to cases on direct appeal. Moreover, there was no factual support for applying a minor role adjustment at the time of sentencing. Accordingly, this claim is dismissed for lack of jurisdiction.

---

[15] Chism filed an "addendum" asserting an additional Amendment 794 claim on July 21, 2016. Doc. 784.

[16] 823 F.3d 519, 523 (9th Cir. 2016).

[17] *United States v. Harrison,* ---F. App'x---, 2017 WL 710426, at *2 (10th Cir. Feb. 23, 2017) (citations omitted).

[18] Based on a total offense level of 27 and a criminal history category of III, the Guideline imprisonment range was 87 to 108 months. PSR, Doc. 634 ¶ 88.

## II.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[19]  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[20]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[21]  For the reasons stated above, the Court finds that Chism has not satisfied this standard and therefore, denies a certificate of appealability as to its ruling on her § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Jamaica Chism's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 774), is **denied**; the addendum adding a claim under Amendment 794 (Doc. 784) is **dismissed** as untimely; and Petitioner is denied a COA.

**IT IS SO ORDERED.**

Dated: <u>November 17, 2017</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19]The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability.  Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[20]28 U.S.C. § 2253(c)(2).

[21]*Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).